

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7484 | **DATE** | 9/25/2003 |
| **CASE TITLE** | Vincent Hollingsworth vs. Illinois Department of Corrections | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] This matter is before the Court on defendant Illinois Department of Corrections' motion for summary judgment. For the reasons stated on the attached Memorandum Opinion, we grant the defendant's motion for summary judgment. All pending dates and motions are hereby stricken as moot. Enter Memorandum Opinion. Terminating case.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 25 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 22 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| MW | courtroom deputy's initials | 03 SEP 25 AM 8:20 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

VINCENT T. HOLLINGSWORTH, )
)
Plaintiff, )
)
v. ) No. 01 C 7484
)
ILLINOIS DEPARTMENT OF )
CORRECTIONS, )
)
Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Illinois Department of Corrections' ("IDOC") motion for summary judgment. For the reasons stated below we grant the motion.

## BACKGROUND

We note initially that Hollingsworth is represented by counsel and that Hollingsworth did not file an answer in response to the motion for summary judgment. Hollingsworth also failed to file a response to the IDOC's statement of material facts. Therefore, pursuant to Local Rule 56.1 the facts listed in the material statement of facts are deemed to be admitted by Hollingsworth.

Plaintiff Vincent Hollingsworth ("Hollingsworth") works as a Correctional

1

Officer for the IDOC at its Stateville facility in Joliet, Illinois. Hollingsworth has been disciplined by his supervisors on numerous occasions. Hollingsworth refused mandatory overtime on October 1, 2000, and received an oral reprimand. Hollingsworth refused mandatory overtime on October 15, 2000, and received a written reprimand. Hollingsworth refused mandatory overtime on October 16, 2000, January 31, 2001, February 3, 10, 13, and 20, 2001, and received suspensions after each refusal. Hollingsworth received a suspension for insubordination on December 12, 2000. On February 3, 5, and 10, 2001, Hollingsworth received an oral reprimand for being tardy. On May 16, 2001, Hollingsworth received an oral reprimand for failing to report an unsecured chuckhole. Hollingsworth received a written reprimand for failing to sign the security rounds book on June 10, 2001. Hollingsworth claims that his supervisors disciplined him on the above mentioned occasions because of his race and in some instances disciplined him in retaliation in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et seq.* The prior judge in this case dismissed the Age Discrimination in Employment Act claim.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.

Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole in a light most favorable to the nonmoving party and draw all reasonable inferences that favor the nonmoving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

I. Race Discrimination Claim

If an employer in a Title VII discrimination case brings a motion for summary judgment, the plaintiff can proceed under the direct or indirect method of proof in order to defeat the motion. *Pafford v. Herman,* 148 F.3d 658, 665 (7th Cir. 1998). Under the direct approach, the plaintiff can show through direct or circumstantial evidence that the alleged harmful action of the employer was "motivated by an impermissible purpose, such as [his] race or national origin." *Id.* Under the indirect approach the plaintiff must establish a *prima facie* case which will allow an inference of discrimination. *Id.* To establish a *prima facie* case of race discrimination a plaintiff must show: "(1) that [h]e was a member of a protected class; (2) that [h]e was performing h[is] job satisfactorily; (3) that [h]e experienced an adverse employment action; and (4) that similarly situated individuals were treated more favorably." *Traylor v. Brown,* 295 F.3d 783, 788 (7th Cir. 2002). Hollingsworth does not present evidence sufficient to proceed under the direct method of proof and will therefore need to proceed under the indirect method.

A. Whether Hollingsworth Met his Employer's Legitimate Expectations

Hollingsworth has not shown that he met his employer's legitimate expectations. There were numerous disciplinary actions taken against Hollingsworth between October 2000 and June 2001. Hollingsworth's supervisors disciplined him

4

for allegedly failing to perform his job properly, for insubordination, and for a refusal to work mandatory overtime. Although Hollingsworth claims that the disciplinary actions are themselves part of the discrimination, he admits that he did not meet his employer's legitimate expectations on several occasions. We will mention a few examples. For instance, pursuant to Local Rule 56.1, Hollingsworth admits that he believes that Captain Morgan referred Hollingsworth for discipline for the refusal of overtime on January 31, 2001. (SF 143). Hollingsworth also admits that Morgan "treated officers of all races the same way," (SF 144), and that the discipline for the January 31 incident "had nothing to do with race discrimination or retaliation for complaining about the safety and staffing issues." (SF 145). Hollingsworth also admits that he believes that "his shift was uniformly being targeted for mandatory overtime," (SF 90), and admits that he refused to work mandatory overtime on October 15, 2000. (SF 92). Hollingsworth also admits that he was guilty of insubordination on December 12, 2000. (SF 96, 104, 105). Hollingsworth admits that he refused to work mandatory overtime on February 3, 2001, (SF 148), and admits that "he refused overtime on February 3, 2001 because he was 'just tired, fatigued on that day.'" (SF 161). Hollingsworth admits that he might have been late to work on February 3, 5, and 10, 2001. (SF 213-215). Hollingsworth admits that he did not sign the security rounds book on June 10, 2001. (SF 231, 233). Therefore, we find that no reasonable jury could find that Hollingsworth was meeting his employer's reasonable expectations at the time of the

disciplinary actions.

B. Whether Similarly Situated Employees Were Treated Favorably

An employee is similarly situated if the employee "is one who is 'directly comparable to [the plaintiff] in all material respects.'" *Rogers v. City of Chicago*, 320 F.3d 748, 755 (7th Cir. 2003)(quoting *Grayson v. O'Neill*, 308 F.3d 808, 819 (7th Cir. 2002)). Hollingsworth, a black officer, claims that Karen Patten ("Patten"), a white officer, Christopher Odette ("Odette"), a white officer, and Eric Melby ("Melby"), a white officer, are all similarly situated employees that were treated more favorably than Hollingsworth. However, Hollingsworth admits that he is not aware of Patten's disciplinary history, (SF 251), and admits that personnel records indicate that Patten received an oral reprimand, a written reprimand, and a suspension for refusing mandatory overtime. (SF 253). Hollingsworth admits that he is not aware of Odette's disciplinary history. (SF 258-262). Hollingsworth admits that he is not aware of Melby's disciplinary history, (SF 266-267), and admits that personnel records show that Melby received an oral reprimand, a written reprimand, and three suspensions for refusing mandatory overtime. (SF 268). Thus, Hollingsworth failed to show that similarly situated employees outside the protected class were treated more favorably than him.

6

C. Pretext

If a *prima facie* case of discrimination is established then there is a rebuttable presumption of discrimination and the employer is required to offer a "legitimate, non-discriminatory reason for the adverse employment action." *Cianci v. Pettibone Corp.*, 152 F.3d 723, 726 (7th Cir. 1998). If the employer provides such a reason, the plaintiff must then show that the reason alleged by the employer is merely a pretext for discrimination. *Id.* In this case the IDOC presents legitimate non-discriminatory reasons for the disciplinary actions taken against Hollingsworth. The IDOC claims, for instance, that Hollingsworth received suspensions because he refused mandatory overtime. Hollingsworth offers no evidence that would show that the given reasons are a pretext. Thus, even if Hollingsworth did establish a prima facie case, the motion for summary judgment should be granted because he has not met his burden of showing that the IDOC's reasons were a pretext.

II. Retaliation Claim

A plaintiff can establish a prima facie case for retaliation under the direct or indirect method of proof. *Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 531 (7th Cir. 2003). Hollingsworth has not presented evidence sufficient to proceed under the direct method and will need to proceed under the indirect method of proof. A plaintiff can establish a prima facie case under the indirect method by showing that: 1) he engaged in protected activity, 2) his job performance met the legitimate

expectations of his employer, 3) his employer took a materially adverse employment action against him, and 4) he was treated less favorably than similarly situated employees that did not engage in the protected activity. *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002)(citing *Stone v. City of IndianapolisPub. Utils. Div. Div.*, 281 F.3d 640, 644 (7th Cir. 2002)). If a plaintiff establishes a prima facie case, then the burden shifts to the defendant to produce a legitimate non-discriminatory reason, and if one is produced, the burden shifts back to the plaintiff to show that the given reason is a pretext for discrimination. *Id.*

Hollingsworth claims the IDOC retaliated against him because he complained about unsafe working conditions and because he complained of racial discrimination in January 2001. However, complaining about unsafe working conditions is not protected activity. In making such a complaint Hollingsworth did not "oppose[] any practice made an unlawful employment practice by [Title VII] or . . . ma[k]e a charge, testif[y], assist, or participate[] in any manner in an investigation, proceeding, or hearing . . ." pertaining to a discrimination claim. 42 U.S.C. § 2000e-3(a). Hollingsworth stated in his deposition that "the only occasion when [he] complained of any race discrimination, retaliation, or harassment to management was during the January 2001 grievance of the December 12, 2001 incident." (SF 128). However, Hollingsworth also admits that his January 2001 grievance does not contain any allegations of discrimination. (SF 119). Hollingsworth admits that he never filed a complaint with Stateville's EEO office even though he was aware

8

of the office and its function. (SF 129). *See Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1007-08 (7th Cir. 2000)(stating that an employee must complain to the employer about the discrimination because an employer cannot retaliate if it is not aware of the employee's discrimination complaint). Therefore, we find that Hollingsworth has failed to show that he engaged in protected activity that could support a retaliation claim.

We also note that for the reasons stated above Hollingsworth failed to show that he met his employer's legitimate expectations and that he failed to show that the legitimate non-discriminatory reasons offered by the IDOC were a pretext for unlawful retaliation.

## CONCLUSION

Based on the foregoing analysis, we grant Defendant's motion for summary judgment.

Samuel Der-Yeghiayan
Judge
United States District Court

Dated: September 24, 2003